UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 OCT 21  P 12: 35

U.S. DISTRICT COURT
BRIDGEPORT, CONN

MANUEL RAMON HERNANDEZ, :
    Petitioner, :
                                                : Crim. No. 3:91CR33 (AHN)
v.                              : Civ. No. 3:05CV568 (AHN)
                                                :
UNITED STATES OF AMERICA, :
    Respondent. :

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2255

Petitioner Manuel Ramon Hernandez ("Hernandez") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255 requesting that his April 17, 2003, conviction be vacated, set aside, and/or corrected. Hernandez pleaded guilty to possession with intent to distribute 100 grams or more of heroin in violation of Title 21 U.S.C. § 841(a)(1), and escape from custody in violation of 18 U.S.C. § 751(a). He was sentenced to a total effective term of 168-months imprisonment and 5-years supervised release. He now seeks relief on the grounds that he received ineffective assistance of counsel and that his sentence violates the rule in United States v. Booker, 125 S. Ct. 738 (2005). For the reasons that follow, his petition [dkt. # 91] is denied.

### BACKGROUND

On April 25, 1991, Hernandez was indicted by a federal grand jury in Connecticut for narcotics violations involving heroin. On September 10, 1991, he pleaded guilty to possession with

intent to distribute 100 grams or more of heroin.  In November 1991, Hernandez escaped from jail and remained a fugitive until October 2000, when he was arrested working at an auto body repair shop in the Dominican Republic.

On November 8, 2000, Hernandez was charged with, and he pleaded guilty to, escape from custody.  At sentencing, held on January 4, 2002, the court adopted the presentence report ("PSR"), and found that Hernandez had a total offense level of 26 and a criminal history category of IV.  The sentencing calculation was based on a two-point enhancement for possession of a firearm, a two-point enhancement for obstruction of justice, and a three-point enhancement for holding a managerial role in the offense.  The court declined to reduce Hernandez's sentence for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines.  He received a total effective term of 180-months imprisonment and 5-years supervised release.

On January 23, 2003, the Second Circuit remanded the judgment for resentencing.  At resentencing, held on April 10, 2003, the court eliminated the three-point enhancement for Hernandez's role in the offense and resentenced him to a total effective term of 168-months imprisonment and 5-years supervised release.  On January 15, 2004, the Second Circuit affirmed Hernandez's sentence.  His conviction became final 90 days later in April 2004.  See Clay v. United States, 537 U.S. 522, 525 &

527 (2003) (conviction becomes final, inter alia, when time for filing certiorari petition expires); Sup. Ct. R. 13(1) (certiorari petition must be filed within 90 days after entry of judgment). Hernandez timely filed the instant habeas petition on April 5, 2005.

## DISCUSSION

Hernandez now seeks collateral relief pursuant to § 2255 on the grounds that: (1) he received ineffective assistance of trial counsel, and (2) his sentence violates the rule in Booker. The government submits that the court should deny Hernandez's petition because it is without merit. The court agrees.

I. Ineffective Assistance of Counsel

Hernandez claims that he is entitled to habeas relief because he did not receive effective assistance of counsel. In particular, he submits that, at sentencing, counsel did not disclose two documents that would have provided a basis for the court to reduce his sentence pursuant to § 3E1.1 of the Guidelines for acceptance of responsibility. The first document certifies that Hernandez paid taxes during the time that he was a fugitive in the Dominican Republic. The second document is an affidavit from the District Attorney in the Dominican Republic which states that, during that same period of time, Hernandez was not "convicted or implicated" of any "legal infraction or crime whatsoever."

A defendant claiming ineffective assistance of counsel must: (a) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms" and (b) "affirmatively prove prejudice" by demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-89, 693-94 (1984). In this case, Hernandez fails to make the two-part showing.

Even if the court assumes that counsel was deficient for not disclosing the documents, Hernandez does not also demonstrate the requisite prejudice, i.e., a reasonable probability that, but for counsel's failure to present the documents at sentencing, the court would have reduced his sentence under § 3E1.1. Assuming the court found that Hernandez had withdrawn from criminal activity during his years in the Dominican Republic, that finding would have likely been outweighed by the fact that Hernandez obstructed justice and remained a fugitive for nearly a decade. Indeed, at sentencing, the court stated that evidence of Hernandez's withdrawal from criminal activity was something it might consider and did not state that such evidence was dispositive on the issue of whether his sentence should be reduced for acceptance of responsibility. This is consistent with § 3E1.1, which gives a sentencing judge broad discretion to

reduce a sentence based on the facts of a case. See U.S.S.G. § 3E1.1. The facts in this case -- that Hernandez escaped to the Dominican Republic while he awaited sentencing -- fly in the face § 3E1.1's requirement that "the defendant clearly demonstrate[] acceptance of responsibility for his offense." Id. Because Hernandez cannot demonstrate that his good behavior during the time that he was a fugitive mitigates the overarching fact that he obstructed justice, his ineffective assistance of counsel claim fails.

II. Booker

Hernandez also claims that his sentence violates the rule in Booker because the court imposed sentencing enhancements based on facts that were not found by a jury. Despite the possible merits of Hernandez's claim, he is not entitled to relief under Booker because his conviction became final before January 12, 2005, the date Booker was decided. Because, under Second Circuit law, Booker is not retroactive on habeas review, see Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005), Hernandez's habeas petition fails on this basis as well.

## CONCLUSION

For the foregoing reasons, Hernandez's petition for a writ of habeas corpus [dkt. # 91] is DENIED. Because Hernandez fails to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(a)(2).

So ordered this ⎯⎯ day of August, 2005, at Bridgeport, Connecticut.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Alan H. Nevas
United States District Judge